**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

LESLIE CURTRIGHT,

        Plaintiff,

v.                                                                          Case No. 22-cv-10449

FCA US, LLC, et al.

        Defendants.
_____/

**OPINION AND ORDER DENYING THE UNION DEFENDANTS'**
**MOTION FOR RECONSIDERATION**

The court previously entered an order granting in part and denying in part a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," filed by Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), UAW Local 51 ("Local 51"), and Tony Walker (collectively, the "Union Defendants"). (ECF No. 44.) With respect to Plaintiff Leslie Curtright's claims under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), the court rejected the Union Defendants' argument for dismissal based on the so-called 'DFR Preemption Doctrine'[1]. (*Id.*, PageID.734-38.)[2] Nonetheless, the court ultimately declined to exercise

---

[1] As explained in the court's December 8, 2022 opinion, this doctrine "ostensibly originates from a judicially created principle that a union, as the exclusive representative agent corollary to Section 9(a) of the National Labor Relation Act ("NLRA"), has a duty to fairly represent its members." (ECF No. 44, PageID.734.) The Union Defendants have identified no other federal source for the DFR Preemption Doctrine.

[2] Contrary to Plaintiff's assertion, the court did not decide whether Section 301 of the Labor Management Relation Act ("Section 301") preempts Plaintiff's ELCRA claims against Defendant Unions. (ECF No. 44, PageID.734-38.) This is because the Union Defendants explicitly stated that they were not relying on Section 301 preemption. (ECF

supplemental jurisdiction over these state law claims and dismissed them without prejudice. (*Id.*, PageID.738-74.)

The Union Defendants then filed the present "Motion to Reconsider." (ECF No. 47.) They contend that the court erred in ruling that Plaintiff's ELCRA claims were not preempted by the DFR Preemption Doctrine. (ECF No. 47, PageID.850-868.) Alternatively, the Union Defendants claim that the court should exercise supplemental jurisdiction over Plaintiff's ELCRA claims "so that the [Section] 301 preemption question can be revisited if necessary after further factual development, and to preserve all issues for appeal." (*Id.*, PageID.868-69.)

With leave from the court, Plaintiff filed her Response (ECF No. 50), and the Union Defendants filed their reply (ECF No. 52.) No hearing is required. *See* E.D. Mich. LR 7.1(h)(3). For the reasons provided below, the court will deny the Union Defendants' motion.

## I.  STANDARD

Local Rule 7.1(h) governs motions for reconsideration. It provides in relevant part:

> **(2)    Non-Final Orders.** Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> > (A)    The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> >
> > (B)    An intervening change in controlling law warrants a different outcome; or

---

No. 40, PageID.673.) However, as indicated below, the Union Defendants do appear to conflate Section 9(a) of the NLRA with Section 301 in its preemption argument.

  (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). It is well-established that "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Public Schools*, 298 F.Supp.2d 636, 637 (E. D. Mich. 2003) (Lawson, J.).

## II.  DISCUSSION

In moving the court to reconsider its previous opinion, the Union Defendants assert neither "[a]n intervening change in controlling law" nor "new facts." E.D. Mich. LR 7.1(h)(2). Instead, the Union Defendants contend that the court made outcome-altering mistakes. (ECF No. 47, PageID.849.) The court disagrees.

### A.  DFR Preemption

The Union Defendants first posit that the court mistakenly concluded that Plaintiff's claims "rest on the general duty not to discriminate or retaliate under ELCRA." (ECF No. 47, PageID.850.) Without any support, the Union Defendants claim that "[t]here is no such 'general duty' in [ELCRA]." (*Id.*, PageID.849-50.) This naked assertion flies in the face of the statutory language. Section 204 of the ELCRA, which applies to a labor union, provides:

> A labor organization shall not:
>
> (a) Exclude or expel from membership, or otherwise discriminate against, a member or applicant for membership because of religion, race, color, national origin, age, sex, height, weight, or marital status.
>
> (b) Limit, segregate, or classify membership or applicants for membership, or classify or fail or refuse to refer for employment an individual in a way which would deprive or tend to deprive that individual of an employment opportunity, or which would limit an employment opportunity, or which would adversely affect wages, hours, or employment conditions, or

3

>     otherwise adversely affect the status of an employee or an applicant for employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.
>
>     (c) Cause or attempt to cause an employer to violate this article.
>
>     (d) Fail to fairly and adequately represent a member in a grievance process because of religion, race, color, national origin, age, sex, height, weight, or marital status.

Mich. Comp. Laws § 33.2204. Section 701 of the ELCRA further provides that "a person shall not:

>     (a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act."

Mich. Comp. Laws. § 37.2701(a).

The term "person" under the ELCRA includes a "labor organization." Mich. Comp. Laws. § 37.2103(g). Clearly, the ELCRA broadly imposes on a labor union a duty to not discriminate or retaliate against any member. *See Bondurant v. Air Line Pilots Ass'n, Int'l*, 679 F.3d 386, 394 (6th Cir. 2012) (analyzing an age discrimination claim against a union under Mich. Comp. Laws § 37.2204(a)). Such an obligation is not limited to the fair and adequate representation of a member in a grievance process; otherwise, Section 204(a), (b), and (c), and Section 701 of the ELCRA would be superfluous and meaningless. *See Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 837 (1988) ("As our cases have noted in the past, we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.") (citing cases).

The Union Defendants next claim that the court erred in reading Plaintiff's allegations as adequately asserting claims for discrimination and retaliation outside of

4

the failure to represent Plaintiff fairly and adequately in a grievance. (ECF No.47, PageID.850-52.) The court has re-reviewed the allegations in the Amended Complaint and finds no mistake on its part. Yet, even if the court erred, the Union Defendants have not explained how "correcting th[is] mistake changes the outcome of the [court's] prior decision." E.D. Mich. LR 7.1(h)(2)(A).

The court previously found that Plaintiff alleges claims outside of the failure to represent her fairly and adequately in a grievance in distinguishing *Maynard v. Revere Copper Prod., Inc.*, 773 F.2d 733 (6th Cir. 1985) from this case. (ECF No. 44, PageID.736.) However, it is not the sole reason why *Maynard* is inapplicable in this instance. As the court previously indicated, "the preempting force in *Maynard* is Section 301"– not the DFR Preemption Doctrine as argued by the Union Defendants. (*Id.*) The court's reading of *Maynard* is confirmed by the Sixth Circuit in *Smolarek v. Chrysler Corp.,* 879 F.2d 1326, 1334, n.4. There, the Sixth Circuit wrote: "[in *Maynard*], we found that an employee's claim for damages against his union for breach of the union's duty of fair representation, brought pursuant to a provision of Michigan's HCRA, was preempted by § 301." *Id.*

The court is unpersuaded by the Union Defendants' attempt to explain away the Sixth Circuit's reading of its own case by conflating the duty to fairly represent emanated from Section 9(a) of the NLRA and the duty to fairly represent under Section 301. (ECF No. 47, PageID.855-56.) Contrary to the Union Defendants' assertions, the difference between claims for breach of the union's duty of fair representation based on

5

Section 301 and those based on Section 9(a) of the NLRA is well-recognized.[3] *Pratt v. United Auto., Aerospace & Agr. Implement Workers of Am., Loc. 1435,* 939 F.2d 385, 386-90 (6th Cir. 1991); *Summers v. Keebler Co.,* 133 F. App'x 249, 252 (6th Cir. 2005) (saying that a claim for breach of duty of fair representation under Section 9(a) of the NLRA, unlike under Section 301, is "independent of any breach of the collective bargaining agreement"). And the scope of NLRA preemption is not the same as Section 301 preemption. *See Alongi v. Ford Motor Co.,* 386 F.3d 716, 723 (6th Cir. 2004).

Finally, the Union Defendants claim that the court failed to follow controlling Sixth Circuit precedent. (ECF No. 47, PageID.854.) The court finds no error in its previous reading of the cases relied by the Union Defendants in their motion, including *Maynard*, *Welch v. General Motors Corp.*, 922 F.2d 287 (6th Cir. 1990), and *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Loc. No. 173*, 983 F.2d 725, 728 (6th Cir. 1993). As explained in the court's previous opinion, these cases do not concern the theory the Union Defendants are advancing here – the DFR Preemption Doctrine – but instead involve Section 301 preemption. *See Welch*, 922 F.2d 287 ("Since appellant's state law claims against the Union were preempted by section 301, appellant's motion to remand was properly denied."); *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Loc. No. 173*, 983 F.2d 725, 728 (6th Cir. 1993) ("Gillette has stated

---

[3] The Union Defendants seemingly suggest that courts have confusingly labeled the duty to fairly represent under Section 9(a) of the NLRA as being brought under Section 301 because "the source of federal subject matter jurisdiction [for duty of fair representation claims] is in fact LMRA Section 301." (ECF No. 47, PageID.855-56.) Not so. Section 301 does not provide jurisdiction for claim of a union's duty of fair representation under Section 9(a) of the NLRA. (ECF No. 47, PageID.855-56.) Rather, 28 U.S.C. § 1337 would provide the basis for the court's jurisdiction over that claim. *Storey v. Loc. 327, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 759 F.2d 517, 523 (6th Cir. 1985).

no claims against the Union other than those which relate directly to its representation of her through the five-step grievance process against CCC. Such claims fall within the collective bargaining agreement, and are thus governed by federal law.").

Put differently, the authorities relied by the Union Defendants do not stand for the advanced proposition that the judicially developed duty of fair representation implicit in Section 9(a) of the NLRA preempts state discrimination and/or retaliation claims brought by a member against her union.[4] "Without any authority suggesting so broad a preemptive scope, [the court] decline[s] to adopt one." See *Porter v. Nat'l Football League Players Ass'n*, No. 21-1420, 2022 WL 2666060, at *3 (6th Cir. July 11, 2022) (declining to adopt a holding that all challenges to the methods by which a union delegates its exclusive representational authority are preempted by Section 9(a) of the NLRA because "[s]uch a holding is too broad and would drive the scope of preemption too far afield from § 9's purpose of establishing one exclusive bargaining agent for a set of employees"); see also *Wrobbel v. Asplundh Const. Corp.*, 549 F. Supp. 2d 868, 875 (E.D. Mich. 2008) (Rosen, J.) ("[T]he fact that the federal duty of fair representation is a judicial creation tends to undermine the argument that Congress intended § 9(a) to supplant state law with a federal cause of action.")

Because the Union Defendants fail to show that "[t]he court made a mistake [and] correcting the mistake changes the outcome of the prior decision," the court maintains

---

[4] If *Maynard* stands for the proposition proposed by the Union Defendants – that the duty of fair representation derived from Section 9(a) of the NLRA clearly precludes state discrimination claims against unions as a matter of law – the Sixth Circuit would not, in a later case, said that this "is largely a new area of law," while making no mention of *Maynard*. *Pratt,* 939 F.2d 385, n.2.

7

its previous ruling that declines to dismiss Plaintiff's ELCRA claims against the Union Defendants based on the 'DFR Preemption Doctrine.'

### B. Supplemental Jurisdiction

Equally absent is an identified mistake made by the court in its analysis of whether to exercise supplemental jurisdiction over Plaintiff's ELCRA claims against the Union Defendants. Rather, the Union Defendants contend that the court's decision "leav[es] them in the untenable position where they have no practical means for review of this court's mistaken conclusion that state claims are not preempted." (ECF No. 47, PageID.868.) The argument is flawed. First, the issue regarding the DFR Preemption Doctrine is preserved via the Union Defendants' motion to dismiss. The court does not believe that it errs in not dismissing Plaintiff's ELCRA claims against Union Defendants based on the so-call DFR Preemption Doctrine. But, if it has, the error is reviewable on direct appeal. What the court did in its previous order is also not analogous to what happened in *In re Glass*, 983 F.2d at 727. There, the court dismissed all federal claims before it and remanded the plaintiff's state claims to the state court. *Id.* at 726. The Sixth Circuit would never have appellate jurisdiction over such a remand order. *Id.* at 728; *see* 28 U.S.C. § 1447(d). Here, the court did not enter a remand order.

The Union Defendants also bemoan their inability to raise Section 301 preemption against Plaintiff's ELCRA claims. (ECF No. 47, PageID.869.) Notably, the Union Defendants could have raised this argument in their original motion to dismiss., but they deliberately chose not to. In any case, the Union Defendants' concern is seemingly hypothetical. The court has not been informed of a state action alleging the ELCRA claims at issue. Moreover, the Union Defendants themselves indicate that the

8

availability of a Section 301 preemption argument is "uncertain" and subject to "revisit[ation] if necessary." (*Id.*) More importantly, the court cannot agree that its decision declining supplemental jurisdiction over Plaintiff's ELCRA claims against the Union Defendants forever prevents them from presenting a Section 301 preemption argument if those claims are filed in state court. As noted above, the court has not made any determination as to whether Plaintiff's ELCRA claims against the Union Defendants are preempted by Section 301, since the Union Defendants have chosen not to raise that argument.

Ultimately, while the court considers the parties' convenience in deciding whether to exercise supplemental jurisdiction, how the Union Defendants prefer to litigate does not overpower the court's judicial economy concerns and the substantial predominance of the state claims at issue here. (*See* ECF No. 44, PageID.739-41.) Consequently, the court finds that it did not err in declining supplemental jurisdiction over Plaintiff's ELCRA claims against the Union Defendants.

### III. CONCLUSION

IT IS ORDERED that the "Union Defendants' Motion to Reconsider" (ECF No. 47) is DENIED.

                                            s/Robert H. Cleland    /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: April 20, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 20, 2023, by electronic and/or ordinary mail.

                                            s/Lisa Wagner    /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\22-10449.CUTRIGHT.MotionforReconsideration.NH.EKL.2.docx